UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY BRENT BANKS,

        Petitioner,        Case No. 1:14-cv-745

v.        Honorable Paul L. Maloney

JEFFREY LARSON,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

      I.      Factual Allegations

Petitioner Tony Brent Banks was housed at the Central Michigan Correctional Facility at the time he filed his initial petition, though he has since been released on parole. Petitioner was convicted by a Calhoun County jury of one count of unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413. On August 17, 2009, he was sentenced as a fourth felony offender, MICH. COMP. LAWS § 769.12, to a prison term of four to six years.

Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan appellate courts denied his appeals on December 21, 2010 and May 24, 2011, respectively.[1] Petitioner indicates that he filed an application for writ of certiorari to the United States Supreme Court, but he claims that he has lost his records of having done so.

On or about September 15, 2011, Petitioner filed a habeas application in this Court, raising the issues he presented on direct review in the state courts, together with claims he had not yet presented to the state court. In an opinion and judgment issued October 28, 2011, the Court dismissed the petition without prejudice for lack of exhaustion. *See Banks v. Harry*, No. 1:11-cv-986, 2011 WL 5118774 (W.D. Mich. Oct. 28, 2011).

---

[1] While Petitioner cites different dates in his petition, they are inconsistent with the electronic docket records maintained by the Michigan appellate courts. *See* http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=142603&CourtType_CaseNumber=1. The dates used in this Report and Recommendation have been taken from the official records. The use of the accurate dates has no impact on the timeliness of the petition.

Petitioner filed a motion for relief from judgment in the Calhoun County Circuit Court on April 30, 2012.[2] His motion was denied on May 3, 2012. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. The court of appeals denied leave to appeal on January 10, 2013, and the supreme court denied leave to appeal on July 30, 2013.

Petitioner filed the instant habeas petition on or about July 8, 2014.[3]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Also, on or about April 30, 2012, Petitioner apparently filed in the Calhoun County Circuit Court a motion to remand, ostensibly in accordance with MICH. CT. R. 7.211(C)(1), a rule governing orders of remand by the Michigan Court of Appeals. In the same order it denied Petitioner's motion for relief from judgment, the Calhoun County Circuit Court denied the motion for remand as procedurally improper. (*See* Attach. to Am. Pet., docket #9, Page ID#126.)

[3] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on July 8, 2014, and it was received by the Court on July 10, 2014. Thus, it must have been handed to prison officials for mailing at some time between July 8 and 10, 2014. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on May 24, 2011. Petitioner asserts that he attempted to file a petition for writ of certiorari to the United States Supreme Court, but he provides no record of that filing, nor is his action recorded in the docket of that Court or in the published history of the case. *See People v. Banks*, 797 N.W.2d 633 (Mich. May 24, 2011). As a consequence, I conclude that he must not have filed a petition in the Supreme Court and therefore cannot be credited for the time during which a petition was pending. Nevertheless, Petitioner's one-year limitations period did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States

Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 22, 2011.

Petitioner had one year from August 22, 2011, in which to file his habeas application. Petitioner filed on July 8, 2014. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Petitioner filed a motion for relief from judgment in the Calhoun County Circuit Court on April 30, 2012, after 252 days of his limitations period had expired. As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner's habeas limitations period therefore began to run again on July 30, 2013, when the Michigan Supreme Court denied his application for leave to appeal. At that time, Petitioner had 113 days remaining in his limitations period. As a consequence, Petitioner's time for filing his habeas petition expired on Wednesday, November 20, 2013, nearly eight months before he actually filed his petition.

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling

should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Further, the Court notes that the 43 days during which Petitioner's first federal habeas petition was pending in this Court did not serve to toll his statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the AEDPA does not permit tolling while *federal* collateral proceedings are pending, only while *state* collateral proceedings are pending).

Finally, in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of

*Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner suggests that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). Therefore, Petitioner's habeas petition is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: November 6, 2014                             /s/ Phillip J. Green
                                                                  Phillip J. Green
                                                                  United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).